UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 19-cr-20652
                              Honorable David M. Lawson

vs.

D-4 Patricia Flannery,

        Defendant.

---

**Unopposed Application for Entry of Order of Forfeiture**

---

The United States of America, by and through its attorneys, applies to this Court for entry of a Preliminary Order of Forfeiture. In support of this Application, the Government provides:

1.    On September 26, 2019, the United States filed an Indictment, which charged D-4 Patricia Flannery ("defendant"), with Count One, Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349. (ECF No. 1).

2.    The Indictment sought criminal forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), placing the defendant on notice that as a result of violating 18 U.S.C. § 1349 as set forth in the Indictment, the defendant shall forfeit to the United States

any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds and/or gross proceeds traceable to the commission of such violations. (ECF No. 1, PageID.13). Such property includes, but is not limited to, a money judgment for a sum of money representing the total amount of proceeds obtained as a result of the defendant's violations of 18 U.S.C. § 1349, as alleged in the Indictment. (ECF No. 1, PageID.15).

3. On or about August 4, 2022 , the defendant pleaded guilty to Count One of the Indictment under a Rule 11 Plea Agreement ("Rule 11"). (ECF No. 199).

4. In her Rule 11, the defendant agreed to forfeit, any interest she may have in property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of her violation of 18 U.S.C. § 1349, as charged in Count One of the Indictment. (ECF No. 199, PageID.1769). Specifically, the defendant agreed to the entry of a forfeiture money judgment against her in favor of the United States in an amount to be determined prior to sentencing, representing the total value of the property subject to forfeiture for defendant's violation of Count One of the Indictment. (*Id.*)

5. As part of her Rule 11, the defendant agreed that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, defendant

explicitly agreed to the forfeiture of any assets as she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waived and relinquished her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. (*Id.*)

6.  As part of her Rule 11, the defendant agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following her guilty plea, upon application by the United States as mandated by Federal Rule of Criminal Procedure 32.2.  The defendant further agreed that the forfeiture order will become final as to her at the time entered by the Court. (ECF No. 199, PageID.1769-1770).

7.  As part of her Rule 11, the defendant knowingly, voluntarily and intelligently waived any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. (ECF No. 199, PageID.1770).

8.  As part of her Rule 11, the defendant acknowledged that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waived her right to challenge any failure by the Court to advise her of her rights with respect to forfeiture, set forth in Federal Rule of Criminal Procedure 11(b)(1)(J).  The defendant also expressly waived her right to have a

3

jury determine the forfeitability of her interest in the above identified property, as provided by Rule 32.2(b)(5). (ECF No. 199, PageID.1770).

9. As part of her Rule 11, the defendant further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further agreed to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of any property referenced above. (ECF No. 199, PageID.1770).

10. Federal Rule of Criminal Procedure 32.2 directs the Court to enter a Preliminary Order of Forfeiture in advance of sentencing, unless doing so is impractical. (Fed. R. Crim. P. 32.2(b)(2)(B)). The defendant's sentencing is currently scheduled for February 21, 2023, making it appropriate for the Court to enter a Preliminary Order of Forfeiture at this time. Because the forfeiture money judgment is not subject to ancillary proceedings, the forfeiture money judgment shall be final and effective at sentencing.

11. With regard to forfeiture, Fed. R. Crim. P. 32.2 provides, in relevant part, that:

> As soon as practical after … a plea of guilty …is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute…If the government seeks a

personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(Rule 32.2(b)(1)(A) and (b)(2)(A)).

12. Federal Rule of Criminal Procedure 32.2(b)(1)(B) provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement…"

13. Rule 32.2 provides for entry of a Preliminary Order of Forfeiture, stating that if the Court finds property subject to forfeiture, "it must promptly enter a preliminary order of forfeiture **setting forth the amount of any money judgment**." Fed. R. Crim. P. 32.2(b)(2)(A) (emphasis added).

14. Given that the defendant agreed in the Rule 11 to the entry of a Preliminary Order of Forfeiture incorporating the forfeiture money judgment, there should be no objection to this Application or to the proposed forfeiture order. Nevertheless, pursuant to Local Rule 7.1, the undersigned sent the defendant's attorneys, Mark Kriger, a copy of this Application and the proposed Preliminary Order of Forfeiture via e-mail to determine the defendant's position on entry of a Preliminary Order of Forfeiture. Mark Kriger responded that he has no objection.

15. Based on the Indictment, the Rule 11 Plea Agreement, this application, and the record in this case, and under Federal Rule of Criminal Procedure 32.2, and 18 U.S.C. § 981(a)(1)(C), the United States requests entry of the proposed Order of Forfeiture against the defendant for a forfeiture money

judgment in an amount that will be determined at or before sentencing. The proposed Order of Forfeiture shall be submitted concurrently via ECF Utilities.

    Respectfully submitted,

    Dawn N. Ison
    United States Attorney

    S/Shankar Ramamurthy
    Shankar Ramamurthy (IL 6306790)
    Assistant U.S. Attorney
    211 W. Fort Street, Ste. 2001
    Detroit, Michigan 48226
    (202) 924-5368
    Shankar.Ramamurthy@usdoj.gov

Dated:  January 3, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2023, the foregoing was electronically filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

S/Shankar Ramamurthy
Shankar Ramamurthy (IL 6306790)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(202) 924-5368
Shankar.Ramamurthy@usdoj.gov
